United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————————

No. 04-40794
Conference Calendar

—————————————————

UNITED STATES OF AMERICA,

                                Plaintiff-Appellee,

versus

JOSE REYES ESPINOZA-CORTEZ,

                                Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-42-ALL
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:*

    This court affirmed the sentence of Jose Reyes Espinoza-
Cortez. United States v. Espinoza-Cortez, No. 04-40794 (5th Cir.
Dec. 17, 2004). The Supreme Court vacated and remanded for
further consideration in light of United States v. Booker, 125
S. Ct. 738 (2005).

    Espinoza-Cortez argues that Booker dictates that his
sentence under the formerly mandatory guideline sentencing scheme
is a presumptively prejudicial structural error. He acknowledges

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the argument is foreclosed by this court's case law, but he raises it to preserve it for further review.

Because Espinoza-Cortez did not challenge his sentence in the district court, we review the sentence for plain error. Under the plain error standard, the appellant must show that (1) there is an error (2) that is clear or obvious and (3) that affects his substantial rights. United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005)(No. 04-9517). If these factors are established, the decision to correct the forfeited error is within our discretion, which we will not exercise unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

Espinoza-Cortez's sentence was enhanced based on a prior conviction for burglary of a habitation; however, Booker does not apply to such enhancements. Booker, 125 S. Ct. at 756. Although the imposition of a sentence under mandatory sentencing guidelines constitutes plain error under Booker,[**] we agree with Espinoza-Cortez's concession that he cannot establish that his sentence at the mid-range of the guidelines affects his substantial rights. See United States v. Bringier, 405 F.3d 310, 317-18 & n.4 (5th Cir. 2005), petition for cert. filed (Jul. 26, 2005)(No. 05-5535).

_____

[**] See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005), petition for cert. filed (Jul. 25, 2005)(No. 05-5556).

Accordingly, we conclude that nothing in the Supreme Court's
Booker decision requires us to change our prior affirmance in
this case.  We therefore reinstate our judgment affirming his
conviction and sentence.

AFFIRMED.